THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HIRSCH, Appellant. [899 NYS2d 657]—

Appeal by the defendant from a resentence of the County

Court, Suffolk County (Hinrichs, J.), imposed February 27, 2009, which, upon his conviction of sexual abuse in the first degree (two counts), assault in the second degree (two counts), and unlawful imprisonment in the first degree, upon a jury verdict, imposed a term of postrelease supervision of three years in addition to the determinate sentence of imprisonment of six years previously imposed on January 3, 2002.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence imposed on January 3, 2002, is reinstated.

The Court of Appeals recently held, in *People v Williams* (14 NY3d 198, 219-220 [2010]), that "once a defendant is released from custody and returns to the community after serving the period of incarceration that was Ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined, there is a legitimate expectation that the sentence, although illegal under the Penal Law, is final and the Double Jeopardy Clause prevents a court from modifying the sentence to include a period of postrelease supervision." Since the defendant's direct appeal was determined in November 2002 and he was released from custody in December 2007, the Double Jeopardy Clauses of the United States and New York Constitutions (US Const Amend V; NY Const, art I, § 6) prohibited the Supreme Court from thereafter modifying his sentence to impose a term of postrelease supervision. Accordingly, the term of postrelease supervision must be vacated, and the defendant's original sentence reinstated. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.